IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                     Criminal Action No. 5:14CR54
                                                          (STAMP)

MARK C. BUSACK,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING GOVERNMENT'S MOTION TO AUTHORIZE
PAYMENT FROM INMATE TRUST ACCOUNT,
DENYING DEFENDANT'S MOTION TO
DISMISS THE GOVERNMENT'S MOTION AND
DENYING DEFENDANT'S MOTION TO REDUCE RESTITUTION PAYMENTS**

I.   Background

At issue is the government's motion to authorize payment from the inmate trust account of the defendant, who is proceeding pro se.[1] ECF No. 98.[2] In the government's motion, it claims that the defendant has failed to pay his required restitution payments, which are $1,000.00 a month. In particular, the government claims that the defendant is in arrears of $6,000.00. The government points out, however, that the defendant has over $1,889.26 in his inmate trust account. Therefore, the government requests an order authorizing the Bureau of Prisons ("BOP") access to those funds

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (10th ed. 2014).

[2] It should be noted that the defendant recently filed an action under 28 U.S.C. § 2255 ("§ 2255 action").

located in the inmate trust account, and that such funds be given to the Clerk of Court.

This Court then entered an order directing the defendant to respond to the government's motion, to which the defendant complied. ECF Nos. 99 and 100, respectively. In his response in opposition, the defendant first requests that this Court deny the government's motion. The defendant contends that he needs the funds in his account to defend himself against a separate state court action, specifically to buy stamps and make copies of relevant documents.[3] Next, the defendant seeks to have the restitution payments, which are $1,000.00 a month, reduced because he is now indigent.[4]

After receiving the defendant's response, this Court directed the government to file a reply regarding the defendant's claim that he needs the money in his prisoner trust account to defend himself in the state court action. ECF No. 101. The government then filed a reply. ECF No. 103. In that reply, the government points out that inmates without funds are provided stamps and are given copies of their documents that are related to any legal action. Further, the defendant's inmate trust account contains only cash, which is

---

[3]The state court action referred to by the defendant is allegedly instituted by the Attorney General for the State of West Virginia, see Civil Action No. 14-C-343 ("state court action").

[4]It should be noted that the defendant titles his response as a "motion to dismiss" the government's motion, and as a "motion to change" his restitution payments.

generally not considered exempt from the enforcement of restitution orders. Therefore, the government requests that this Court grant its motion at issue.

## II. Applicable Law

As a general matter, the "United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3771(a) (2016). Such judgment may be enforced "against all property or rights to property of the person fined." Id. Moreover, an order of restitution may be considered a "lien in favor of the United States on all property and rights to property of the person fined." Id. at § 3771(c). Although certain property may be exempt when claimed by a defendant in a criminal case, cash is generally not considered exempt. See id. § 3613(a)(1) (citing 26 U.S.C. § 6334(a)(1-10), (12) (2016)). The United States may enforce an order of restitution "by all other available and reasonable means." 18 U.S.C. § 3664(m)(ii). Such enforcement powers make sense in light of the fact that a crime victim has the right "to full and timely restitution as provided in law." Id. at § 3771(a)(6).

It is true that inmates have a property interest in their money. See, e.g., Jensen v. Klecker, 648 F.2d 1179, 1183 (8th Cir. 1981). To satisfy restitution requirements, however, courts have authorized access to cash located in a defendant's inmate trust

account. Craft v. Ahuja, 475 F. App'x 649, 650-51 (9th Cir. 2012); Mahers v. Halford, 76 F.3d 951, 955 (8th Cir. 1996); Hawkins v. Northwestern Regional Adult Detention Center, 2009 WL 566217, at *2 (W.D. Va. Mar. 3, 2009); see also Erdman v. Martin, 52 F. App'x 801, 803 (6th Cir. 2002); see generally Campbell v. Miller, 787 F.2d 217, 222 (7th Cir. 1986).

### III. Discussion

After reviewing the government's motion and filings made by both the government and defendant, the government's motion is hereby GRANTED for two primary reasons. First, the government is correct in pointing out that the cash in the inmate trust account is not an exempt form of property, which means that an order of restitution may be enforced against such property. Second, the defendant's assertion that he needs the cash to defend himself in the state court action is slightly misguided. As stated above, the defendant contends that he needs the cash in his inmate trust account so as to buy postage and to make copies of his documents related to the state court action. BOP Program Statement 5265.14, Correspondence § 540.21(b) states that "[w]riting paper and envelopes are provided at no cost to the inmate." That same section of the program statement later states that an "inmate who has neither funds nor sufficient postage and who wishes to mail legal mail (includes courts and attorneys) or Administrative Remedy forms will be provided the postage stamps for such mailing. To

4

prevent abuses of this provision, the Warden may impose restrictions on the free legal administrative remedy mailings." BOP Program Statement 5265.14, Correspondence § 540.21(d).

Furthermore, BOP Program statement 1217.07, Legal Activities § 543.11(g) states the following:

> The institution staff shall, upon an inmate's request and at times scheduled by staff, duplicate legal documents if the inmate demonstrates that more than one copy must be submitted to court and that the duplication cannot be accomplished by use of carbon paper. The inmate shall bear the cost . . . [but] [s]taff may waive the cost if the inmate is without funds or if the material to be duplicated is minimal, and the inmate's requests for duplication are not large or excessive.

In light of the program statements and law discussed above, this Court may authorize the government to access the cash located in the defendant's inmate trust account. It should be noted that this Court provided the defendant an opportunity to respond to the government's motion, and that this Court has analyzed his contentions. The case law and program statements, however, clearly defeat those contentions. Therefore, the government's motion to authorize access to the funds located in the defendant's inmate trust account is GRANTED. Accordingly, the defendant's motion to dismiss the government's motion is DENIED.

As to the defendant's motion to reduce his restitution payments, this Court finds no reason at this time to amend such payment schedule. Although the defendant claims he is indigent and allegedly cannot afford the scheduled restitution payments, courts

have held that indigency alone is not a bar to ordering the payment of restitution.  United States v. Porter, 41 F.3d 68, 71 (2d Cir. 1994); United States v. Logar, 975 F.2d 958, 962 (3d Cir. 1992); United States v. Ryan, 874 F.2d 1052, 1054 (5th Cir. 1989); United States v. Bruchey, 810 F.2d 456, 461 (4th Cir. 1987); United States v. House, 808 F.2d 508, 510 (7th Cir. 1986).  Therefore, after reviewing the record and the defendant's current financial situation, the schedule for restitution payments set forth in the amended criminal judgment (ECF No. 60) remains in full effect. Thus, the defendant's motion to reduce his restitution payments is DENIED.

IV. Conclusion

For the reasons set forth above, the government's motion to authorize payment from the defendant's inmate trust account (ECF No. 98) is hereby GRANTED.  The defendant's motion to dismiss the government's motion and motion to amend his restitution requirements (ECF No. 100) are DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se defendant by certified mail and to counsel of record herein.

DATED: April 18, 2016

                                                /s/ Frederick P. Stamp, Jr.
                                                FREDERICK P. STAMP, JR.
                                                UNITED STATES DISTRICT JUDGE