IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Criminal Action No. 5:14CR54
                                                   (STAMP)
MARK C. BUSACK,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO RECONSIDER

### I. Background

At issue is the defendant's motion to reconsider. ECF No. 110. Previously, this Court granted the government's motion to authorize payment from the inmate trust account of the defendant, who is proceeding pro se.[1] ECF Nos. 98 and 104.[2] In the government's prior motion, it claimed that the defendant failed to pay his required restitution payments, which are $1,000.00 a month. The government claimed that the defendant was in arrears of $6,000.00. Therefore, the government requested an order authorizing the Bureau of Prisons ("BOP") access to those funds located in the inmate trust account, and that such funds be given to the Clerk of Court. The defendant contended that he needed the

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (10th ed. 2014).

[2]It should be noted that the defendant recently filed an action under 28 U.S.C. § 2255 ("§ 2255 action").

funds in his account to defend himself against a separate state court action, specifically to buy stamps and make copies of relevant documents.[3] The government then filed a reply, noting that the defendant's inmate trust account contained only cash, which is generally not considered exempt from the enforcement of restitution orders.

After reviewing the parties' filings, this Court granted the government's motion. ECF No. 104. Since then, the defendant filed a motion to reconsider that ruling. ECF No. 110. In that motion, the defendant believes that this Court used incorrect "logic" in interpreting the relevant BOP Program Statements. More specifically, the defendant contends that he is not classified as indigent, meaning he is allegedly unable to receive inmate assistance to pursue his other civil actions. By granting the government's motion, the defendant argues that this Court is violating his Sixth Amendment "right to a proper defense." Therefore, he requests that this Court vacate its prior ruling.

After receiving the defendant's motion, this Court directed the government to file a response, to which it complied. ECF Nos. 111 and 113. In its response, the government argues that cash, which is what the defendant has in his account, is not exempt

---

[3]The state court action referred to by the defendant is allegedly instituted by the Attorney General for the State of West Virginia, see Civil Action No. 14-C-343 ("state court action").

property.  Further, the government notes that no Sixth Amendment right to counsel exists for civil cases.

For the reasons set forth below, the defendant's motion to reconsider (ECF No. 110) is DENIED.[4]

## II. Applicable Law

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "[Federal] Rule [of Civil Procedure] 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance."  Id.  A Rule 59(e) motion may not be used to relitigate old matters and is an extraordinary remedy that should be used sparingly.  Id.  It is improper to use such a

---

[4]Although the defendant does not specify under which Rule of Civil Procedure his motion is filed, this Court construes his motion as being filed under Rule 59(e). See Anderson v. Holy See, 934 F. Supp. 2d 954, 958 (N.D. Ill. 2013) ("Rule 59(e) essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings . . . . By contrast, Rule 60(b) is designed to address mistakes attributable to special circumstances, not to address erroneous applications of law.") (internal citations and quotations omitted).

motion to ask the court to "rethink what the court has already thought through--rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

III. Discussion

After reviewing the record and the parties' filings, the defendant's motion to reconsider must be DENIED. As stated above, the Fourth Circuit essentially provides three grounds to grant a motion to reconsider: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pacific Ins. Co., 148 F.3d at 403. Here, none of those three grounds exist. First, no intervening change in law as to the property has occurred. The cash in the inmate trust account is still not an exempt form of property, which means that an order of restitution may be enforced against such property. As a general matter, the "United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3771(a) (2016). Although certain property may be exempt when claimed by a defendant in a criminal case, cash is generally not considered exempt. See id. § 3613(a)(1) (citing 26 U.S.C. § 6334(a)(1-10), (12) (2016)). Moreover, the BOP Program Statements discussed in this Court's prior opinion still remain in effect. A review of those statements results in the same ruling.

Second, the defendant has not proffered new evidence that would alter this Court's prior ruling. Finally, this Court finds that no manifest injustice would exist by denying the defendant's motion. It should be noted that, contrary to the defendant's assertion that his right to counsel extends to his pending civil actions, the Sixth Amendment, "by its terms, is applicable **only** to criminal actions." Bailey v. Systems Innovation, Inc., 852 F.2d 93, 97 (3d Cir. 1988) (emphasis added).

## IV. Conclusion

For the reasons set forth above, the defendant's motion to reconsider is hereby DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se defendant by certified mail and to counsel of record herein.

DATED: May 27, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE